IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Stephen L. Roberts,
    Petitioner,

v.                          1:09cv100 (TSE/TRJ)

B. Watson,
    Respondent.

FILED MAR 18 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Stephen L. Roberts, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order dated February 18, 2009, petitioner was informed that his petition appeared barred by the statute of limitations, 28 U.S.C. § 2244(d). Petitioner responded, challenging the Court's computation of the date on which his state conviction became final and asserting that he was entitled to equitable tolling of the statute of limitations. Respondent filed a Motion to Dismiss and a Rule 5 Answer. Petitioner then filed a Motion to Amend/Add Claims to Habeas Petition, seeking to add three additional claims to his habeas petition, all of which appear to be procedurally defaulted. By Order dated November 16, 2009, petitioner's Motion was granted, and he was directed to show cause within thirty days why the three proposed claims should not be barred from federal habeas review due to procedural default. Petitioner has not responded to the Order, and thus this matter is now ripe for review. For the reasons stated below, respondent's Motion to Dismiss must be granted and the petition dismissed, as barred by § 2254(d)'s one year statute of limitations.

### I. Background

On November 2, 2002, petitioner shot Willie Morton as Morton stood outside of an Alcoholics Anonymous meeting. As a result, Morton suffered serious injuries and is now

wheelchair-bound. Trial Tr. 97-103. Petitioner was indicted on February 7, 2005 (i) for shooting Morton, (ii) for use of a firearm in commission of a felony, and (iii) for use of a firearm by a convicted felon. A jury trial resulted in guilty verdicts, petitioner was sentenced on May 26, 2006, and final judgment was entered on July 11, 2006. Petitioner then filed a timely direct appeal in the Court of Appeals of Virginia, which denied one argument on the merits and dismissed one argument for failure to file timely trial transcripts. Roberts v. Commonwealth, R. No. 1471-06-2 (Va. Ct. App. May 4, 2007). Petitioner failed to appeal to the Supreme Court of Virginia, but on September 27, 2007, he filed a motion for a delayed appeal in the Court of Appeals, which was denied. Roberts v. Commonwealth, R. No. 1471-06-2 (Va. Ct. App. Oct. 31, 2007).

On March 28, 2008,[1] petitioner filed a habeas petition in the Supreme Court of Virginia, raising numerous claims. The Supreme Court of Virginia dismissed the petition, deciding some claims on the merits and finding others procedurally defaulted. Roberts v. Warden, Wallens Ridge State Prison, R. No. 080656 (Va. Oct. 15, 2008). The instant federal petition, which petitioner signed on January 12, 2009, asserts the following claims:

(1) Counsel was ineffective in failing to investigate and subpoena witnesses;
(2) Counsel misadvised petitioner that he could not plead insanity as a defense;
(3) Counsel failed to object to the Commonwealth's mischaracterization of evidence and improper methods of obtaining a conviction;
(4) Counsel failed to present mitigating evidence to the jury;
(5) Counsel failed to properly argue, research, and obtain case law to support a motion to dismiss;
(6) Counsel was ineffective in telling the trial court not to answer the jury's question regarding premeditation, intent, and malice;
(7) Appellate counsel denied petitioner his constitutional right to appeal in that:

---

[1] Petitioner asserts that he placed his state habeas petition in the prison mailing system on March 28, 2008. The Virginia Courts Case Information website indicates that the Supreme Court of Virginia received the petition on April 4, 2008. Virginia Supreme Court Rule 5:5(c) deems a paper filed by an inmate to be timely filed if it is placed in the institution's internal mail system with first-class postage prepaid on or before the last day for filing.

a. Appellate counsel provided ineffective assistance on appeal and "abandoned" petitioner's case; and
  b. Appellate counsel failed to raise significant and viable issues on appeal;
(8) Prosecutorial misconduct in that the prosecutor:
  a. Suppressed an attempt to have the victim investigated by the Richmond police for shooting petitioner several days earlier; and
  b. Made improper arguments and mischaracterized the evidence during summation to the jury;
(9) The trial court committed constitutional error in denying the testimony of a forensic psychologist;
(A) The trial court erred in not seeking clarification of the jury's inquiry into an element of the Commonwealth's charge of aggravated malicious wounding and erred in failing to give further instruction to the jury when the jury was confused as to a matter of law;
(B) The trial court erred when it failed to grant petitioner's motion for trial transcripts, which led to a partial dismissal on appeal; and
(C) The Court of Appeals of Virginia violated petitioner's constitutional rights by denying his motion for an extension of time to file trial records with the appellate court.[2]

Central to the disposition of petitioner's claims is a clear understanding of the sequence of events as they occurred. Accordingly, a timeline of pertinent events follows:

| | |
|---|---|
| May 4, 2007: | Petitioner's direct appeal dismissed by the Court of Appeals of Virginia |
| June 3, 2007: | The period to appeal to the Supreme Court of Virginia expires; conviction becomes final and federal habeas one-year statute of limitations begins to run |
| August 3, 2007: | Petitioner's counsel wrote a letter to petitioner informing him that his direct appeal had been dismissed by the Court of Appeals of Virginia |
| September 27, 2007: | Petitioner filed a motion for a delayed appeal in the Court of Appeals of Virginia |
| October 31, 2007: | The Court of Appeals of Virginia denied petitioner's motion for a delayed appeal |
| March 28, 2008: | Petitioner filed a habeas petition in the Supreme Court of Virginia, stopping the running of the federal habeas statute of limitations at 299 days |
| October 15, 2008: | The Supreme Court of Virginia denied petitioner's habeas petition, recommencing the running of the federal habeas statute of limitations with 66 days remaining |
| December 20, 2008: | Deadline to file a timely federal habeas petition |
| January 13, 2009: | Petitioner files an untimely federal habeas petition |

---

[2] By Order dated November 16, 2009, petitioner was allowed to add claims A, B, and C to his petition.

By Order dated February 18, 2009, petitioner was directed to show cause as to why his federal claims should not be dismissed as barred by the applicable statute of limitations, 28 U.S.C. § 2244(d). In response, petitioner submitted a pleading in which he challenged this Court's computation of the date his conviction became final, asserting that the Motion for Delayed Appeal he filed in the Court of Appeals of Virginia tolled the statute of limitations, and thus made his federal petition timely. He also argued in favor of the application of equitable tolling of the statute of limitations. Respondent, in turn, moved to dismiss the petition, arguing (i) that the federal petition is untimely, (ii) that Claim 9 and a portion of Claim 8 are procedurally barred from review, and (iii) that the other claims should be dismissed on the merits. A review of the record, including the petition and supporting affidavit, discloses that the petition must be dismissed with prejudice as barred by the statute of limitations.

## II. Statute of Limitations

As explained in the February 18 Order, the petition is time-barred. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Here, petitioner was sentenced on May 26, 2006 in the Circuit Court for the City of Richmond, Virginia. Petitioner thereafter filed a direct appeal in the Court of Appeals of Virginia, which denied his petition for appeal on May 4, 2007. Petitioner then failed to appeal the matter to the Supreme Court of Virginia, and therefore his conviction became final on June 3, 2007, the date on which the 30-day time for filing his notice of appeal expired. See Rule 5:17(a)(2) (in the case of an appeal from the Court of Appeals of Virginia, petition for appeal must be filed with the clerk of the

Supreme Court of Virginia within 30 days after entry of the judgment from which appellant seeks to appeal). Petitioner filed the instant petition on January 13, 2009.[3]

In calculating the one-year period, however, courts must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On March 28, 2008, petitioner filed a state habeas petition in the Supreme Court of Virginia, which denied his petition on October 15, 2008. Thus, this 201 day period is properly excluded from the calculation of the one year limitations period.

Between June 3, 2007, the date petitioner's conviction became final, and March 28, 2008, the date petitioner filed his state habeas petition, 299 days passed. Between October 15, 2008, the date the denial of petitioner's state habeas petition became final, and January 13, 2009, the date petitioner filed his federal petition, an additional 90 days passed. Yet, during this 90-day period – specifically, on December 20, 2008 – the statute of limitations deadline for filing his federal habeas petition expired. Accordingly, petitioner waited 389 days to file his federal petition, thereby making the petition 24 days late.

In his response to the February 18 Order, petitioner asserts that his petition is timely because the Motion for Delayed Appeal that he filed in the Court of Appeals of Virginia on

---

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. See Houston v. Lack, 487 U.S. 266 (1988); see also Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Although the Clerk of the Court did not receive the petition until February 2, 2009, the petition, consistent with Houston, will be deemed filed on January 13, 2009, the date petitioner avers he placed the petition in the prison mailing system.

5

September 27, 2007 "stopped the clock" while it was pending.[4] Petitioner's argument fails in light of Jiminez v. Quarterman, __ U.S. __, 129 S.Ct. 681, 686 (2009). In Jiminez, the petitioner had been granted the right to file a delayed appeal, and thus the state court reopened direct review, rendering the conviction nonfinal during the pendency of the reopened appeal. In reaching this result, the Supreme Court emphasized that:

> Our decision today is a narrow one. We hold that, where a state court *grants* a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). (emphasis added).

Id.

In this case, by contrast, the Court of Appeals of Virginia *denied* petitioner the right to file a delayed appeal, and thus direct review was not reopened. The sensible and plain implication of Jiminez is that where, as here, a state court denies a petition seeking leave to file an appeal out of time, the filing of that petition does not delay or alter the date of the final judgment. A contrary result would enable petitioners to extend the one year federal statute of limitations by the simple expedient of filing a meritless request to file a delayed appeal. Therefore, in this case petitioner's conviction became final on June 3, 2007, not November 30, 2007, and the petition must be dismissed as untimely unless petitioner can show circumstances warranting equitable tolling.

### III. Equitable Tolling

Petitioner raises three arguments in support of his assertion that equitable tolling should apply to excuse the untimeliness of his federal petition. Each is separately addressed, but as a threshold matter, it must be noted that although the United States Supreme Court has not yet

---

[4] Petitioner asserts that he filed the motion on September 27, 2007, but the Court of Appeals of Virginia's order dismissing the motion lists October 4, 2007 as the date of filing. Even using the September date, however, the federal petition is still untimely.

squarely held that equitable tolling is available under § 2244(d),[5] it is well established in the Fourth Circuit that this one-year period may be subject to equitable tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). It is also settled in this circuit that a petitioner seeking to invoke equitable tolling must establish that: (1) extraordinary circumstances, (2) beyond his control and external to his own conduct, (3) prevented him from filing on time. Rouse, 339 F.3d at 247; Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). Importantly, the Fourth Circuit has cautioned that equitable tolling of the limitations period is rarely warranted and is to be reserved "for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Equally important is the settled principle that a petitioner's own lack of diligence in pursuing his federal remedy may preclude the application of equitable tolling. Spencer, 239 F.3d at 630. It remains to apply these principles to petitioner's claim for equitable tolling.

Petitioner's principal equitable tolling argument rests (i) on the uncontested fact that his counsel waited 90 days before notifying petitioner that his direct appeal had been dismissed by the Court of Appeals of Virginia, and (ii) on petitioner's claim that this delay caused petitioner to miss the deadline for filing a timely federal habeas petition. This argument is legally and factually infirm. To begin with, it is legally flawed, as it is settled in this circuit and elsewhere, that counsel's errors of this sort do not warrant equitable tolling of the statute of limitations. In this circuit, Rouse v. Lee is the leading case. There, the petitioner's attorney miscalculated the

---

[5] See Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available under § 2244(d)); Pace, 544 U.S. at 418 n.8 ("We have never squarely addressed the question whether equitable tolling is applicable to [§ 2244(d)(2)'s] statute of limitations.").

7

federal statute of limitations. As a result of counsel's error, petitioner's federal habeas petition was untimely by one day. On these facts, the Fourth Circuit, sitting en banc, found equitable tolling unwarranted, noting that counsel's errors were neither extraordinary nor external to the petitioner's own conduct. Rouse, 339 F.3d at 248-51. In reaching this result, the en banc court first cited Harris, 209 F.3d at 330-31, which held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." The court also cited the settled Supreme Court principle that actions of a defendant's attorney are attributable to the defendant under standard principles of agency, and thus are not "circumstances external to the defendant's conduct." See Rouse, 339 F.3d at 249 (citing Coleman v. Thompson, 501 U.S. 772, 753-54 (1991)). On the basis of this agency rationale, the Rouse court concluded that equitable tolling was unwarranted, noting also that a majority of other circuits that have addressed the issue have reached the same result for essentially the same reasons.[6]

Petitioner's equitable tolling claim is as deficient factually as it is legally. Here, petitioner did receive notice of his dismissed appeal in ample time to file a timely federal petition, but still

---

[6] See Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (internal quotation marks omitted)); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) (finding that counsel's delay in notifying petitioner of counsel's inability to secure court appointment as habeas counsel did not justify equitable tolling because the delay did not make it "impossible . . . to file a federal habeas petition on time"); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition less than a week before it was due); Gilbert by Gilbert v. Sec. of Health & Human Servs., 51 F.3d 254, 257 (Fed. Cir. 1995) ("The negligence of Gilbert's attorney does not justify applying equitable tolling."). But see Fahy v. Horn, 240 F.3d 239, 245 (3d Cir. 2001), cert. denied 534 U.S. 944 (2001) (by creating and applying a new test applicable only to capital cases where the consequences are "so grave," the court allowed equitable tolling based on attorney error).

failed to do so. In other words, counsel's 90-day delay in informing petitioner that his direct appeal had been denied did not make it "impossible . . . to file a federal habeas petition on time." Beery, 312 F.3d at 952 (noting that petitioner had several months following counsel's error in which to file a federal habeas petition, and finding accordingly that no extraordinary circumstance beyond petitioner's control prevented his timely filing). Even after learning that his motion for a delayed appeal had been denied, petitioner still waited five months after the Court of Appeals of Virginia's denial of his motion for a delayed appeal to file his state habeas petition, and he waited another three months after his state habeas petition was dismissed before filing his federal habeas petition. In short, counsel's delay in notifying petitioner of the fate of his appeal did not *cause* petitioner to miss the one year statute of limitations. Accordingly, petitioner has failed to show the presence of exceptional circumstances warranting equitable tolling. Put another way, the facts plainly reflect that petitioner was not diligent in pursuing his rights. Although petitioner wrote several letters to his attorney regarding the status of his appeal, petitioner still waited several months to file his state and federal habeas petitions after his motion for a delayed appeal was denied. Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights. See Pace, 544 U.S. at 419 (finding a lack of diligence where petitioner delayed filing his petition without any valid justification); see also Spencer, 239 F.3d at 630 (declining to apply equitable tolling where a petitioner knowingly allowed himself a single day in which to file his federal habeas petition). Here, petitioner has offered no explanation for why he waited five months after the Court of Appeals of Virginia's denial of his motion for a delayed appeal to file his state habeas petition and another three months after his state habeas petition was dismissed before filing his federal habeas petition. Had petitioner filed his state and federal habeas petitions promptly, the instant petition would have

been timely. Thus, petitioner has not shown that he personally exercised due diligence in pursuing his rights.

Petitioner's remaining two arguments in support of equitable tolling also fail. Petitioner argues that he should be permitted a ninety-day tolling period following the Supreme Court of Virginia's dismissal of his state habeas petition. This argument will be rejected because there is no tolling period following a state habeas court's dismissal of a collateral petition for a petitioner to seek United States Supreme Court review. See Lawrence, 549 U.S. at 331-33 (noting that the clear language of § 2244(d)(2) "makes no reference to the 'time for seeking' review of a state postconviction court's judgment" in the Supreme Court). Petitioner also argues that he attempted for over a month to obtain a federal habeas petition form from his institution's law library. This ground is insufficient to justify equitable tolling. Petitioner has not shown the presence of extraordinary circumstances or diligence on his part. Additionally, this Court forwarded habeas forms to petitioner nine days after the Supreme Court of Virginia's denial of his habeas petition. See Docket # 10, p. 30. Therefore, petitioner has failed to establish that the circumstances to which he points were sufficiently extraordinary to warrant equitable tolling of the limitations period in this case, and the petition is barred from review as untimely.[7]

---

[7] As the petition is untimely, it is unnecessary to discuss respondent's other arguments, namely that Claim 9 and a portion of Claim 8 are procedurally barred from review and that the other claims should be dismissed on their merits.

## IV. Conclusion

For the above stated reasons, respondent's Motion to Dismiss will be granted and this petition will be dismissed. An appropriate Order shall issue.

Entered this 18th day of March 2010.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge